**In re Tony D. SMITH and Virginia R. Smith, Debtors.**

**The BELK CENTER, INC., Plaintiff,**

v.

**Tony D. SMITH and Virginia R. Smith, Defendants.**

**Bankruptcy No. B-85-00042 C-13.**

United States Bankruptcy Court, M.D. North Carolina.

June 18, 1985.

Anita Jo Kinlaw, Greensboro, N.C., Chapter 13 Standing Trustee.

Robert J. Bernhardt, Charlotte, N.C., for plaintiff, The Belk Center, Inc.

F.B. Wilkins, Jr., Reidsville, N.C., for debtors.

MEMORANDUM OPINION

RUFUS W. REYNOLDS, Chief Judge.

This matter came on to be heard and was heard on June 7, 1985 before the Honorable Rufus W. Reynolds pursuant to an order directing the attorney for the plaintiff to appear and show cause as to why he should not be sanctioned $250.00 as reasonable attorney's fees for the defendants. Ms. Anita Jo Kinlaw, Chapter 13 Standing Trustee, appeared at the hearing. Neither Robert J. Bernhardt, the attorney for the plaintiff, nor F.B. Wilkins, Jr., the attorney for the debtors, appeared at this hearing.

## STATEMENT OF FACTS

In October, 1984, the debtors opened an account with The Belk Center, Inc. Between November 27, 1984 and December 31, 1984 the debtors purchased approximately $549.12 in merchandise from The Belk Center, Inc. This merchandise consisted primarily of clothing.

On January 11, 1985 the debtors filed a Chapter 13 petition. On March 18, 1985, the attorney for the plaintiff initiated an adversary proceeding on behalf of The Belk Center, Inc. by filing a complaint to determine the dischargeability of the debtors' debt to the plaintiff. The plaintiff alleged that the debt was nondischargeable as it fell within the 11 U.S.C. Section 523(a)(2)(C) exception to discharge. 11 U.S.C. Section 523(a)(2)(C) provides that a discharge under 11 U.S.C. Section 1328(b) does not discharge an individual debtor from any consumer debt owed to a single creditor aggregating more than $500.00 for luxury goods or services and incurred by the debtor on or within 40 days before the order for relief is entered. 11 U.S.C. Section 1328(b) governs hardship discharges under Chapter 13 while 11 U.S.C. Section 1328(a) governs the regular Chapter 13 discharge. Therefore, pursuant to its terms Section 523(a)(2)(C) applies only to hardship discharges. The debtors have made no request for a hardship discharge.

The purchase on November 27, 1984 was more than 40 days before the order for relief was entered. Therefore, the documents filed by the plaintiff show that on or within 40 days before the order for relief was entered the debtors purchased merchandise totalling less than $500.00.

On April 18, 1985, the attorney for the debtors filed a motion to dismiss the complaint to determine the dischargeability of the debt. As the basis of his motion, the debtors' attorney alleged that the exceptions to discharge under Section 523(a)(2)(C) are not applicable to Chapter 13 discharges pursuant to Section 1328(a).

A pretrial hearing in this matter was held on April 23, 1985. Ms. Anita Jo Kinlaw, Chapter 13 Standing Trustee, and Mr. F.B. Wilkins, Jr., the debtors' attorney, appeared at this hearing. Mr. Robert J. Bernhardt, attorney for the plaintiff, did not appear. As a result of this hearing, the Court issued an order directing the attorney for the plaintiff to appear before this Court on June 7, 1985, at 9:30 a.m. and show cause as to why he should not be sanctioned $250.00 in attorney's fees for violating Bankruptcy Rule 9011(a). The order also provided that should the attorney for the plaintiff fail to appear or to show cause, an order would be entered sanctioning said attorney to pay to the debtors' attorney $250.00 as reasonable attorney's fees.

## DISCUSSION

In the complaint to determine the dischargeability of the debtors' debt to The Belk Center, Inc., the plaintiff's attorney asserts that the debt is nondischargeable as it falls within the 11 U.S.C. Section 523(a)(2)(C) exception to discharge. 11 U.S.C. Section 523(a)(2)(c) provides that:

(a) A discharge under Sections 727, 1141, or 1328(b) of this title [11 U.S.C. Sections 724, 1141, or 1328(b) ] does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(C) for purposes of subparagraph (a) of this paragraph, consumer debts owed to a single and aggregating more than $500.00 for "luxury goods or services" incurred by an individual debtor on or within forty days before the order for relief under this title [11 U.S.C. Sections 1 et seq.], or cash advances aggregating more than $1,000.00 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within twenty days before the order for relief under this title [11 U.S.C. Sections 1 et seq.], are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a depend-

ent of the debtor; an extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.).

Chapter 13 discharges are governed by 11 U.S.C. Section 1328(a) and (b). 11 U.S.C. Section 1328(a) and (b) provide:

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title; or

(b) At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

Thus, Section 1328(a) governs the regular discharge in Chapter 13 cases while Section 1328(b) provides for a hardship discharge in Chapter 13 cases. As specifically stated in its provisions, Section 523(a)(2)(C) applies only to hardship discharges in Chapter 13, i.e., those discharges under Section 1328(b). In this case, the debtors have made no request for a hardship discharge pursuant to 11 U.S.C. Section 1328(b). Therefore, the 11 U.S.C. Section 523(a)(2)(C) exception to discharge does not apply in this case.

Even if the 11 U.S.C. Section 523(a)(2)(C) exception to discharge was applicable in this case, the plaintiff's complaint on its face fails to state a cause of action for which relief can be granted. The 11 U.S.C. Section 523(a)(2)(C) exception to discharge applies only to consumer debts owed for "luxury goods or services" aggregating more than $500.00 and incurred by an individual debtor on or within forty days before the order for relief is entered. Luxury goods do not include goods reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor. In this case, the merchandise purchased by the debtor consisted primarily of clothing which was reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor. Therefore, the goods acquired were not luxury goods as contemplated in and defined in 11 U.S.C. Section 523(a)(2)(C). Even assuming that the goods obtained were luxury goods, the debt did not aggregate more than $500.00 on or within forty days before the order for relief as is required in 11 U.S.C. Section 523(a)(2)(C).

In filing the complaint to determine the dischargeability of this debt, the attorney for the plaintiff failed to comply with Rule 9011(a) of the Bankruptcy Rules and Rule 11 of the Federal Rules of Civil Procedure. Bankruptcy Rule 9011(a) provides in relevant part:

Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, his office address and telephone number shall be stated ... The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best

of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, cause delay, or to increase the cost of litigation ... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankr.R.Proc. 9011(a).

Since the complaint was neither well grounded in fact nor warranted by existing law, the Court concludes that counsel for the plaintiff has failed to comply with Bankruptcy Rule 9011(a) and Rule 11 of the Federal Rules of Civil Procedure.

Bankruptcy Rule 9011(a) states that the court, on its own initiative, *shall* impose an appropriate sanction, including attorney's fees, upon the person who signs a document in violation of this rule. The Court concludes that requiring the attorney for the plaintiff to pay reasonable attorney's fees to the debtors' attorney constitutes an appropriate sanction in this case. The attorney for the debtors filed a motion in response to the complaint and appeared at the April 23, 1985 hearing to represent the interest of the debtors. The Court concludes that a fee of $250.00 would be a reasonable fee for the attorney's services.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

Robert J. Bernhardt, Esquire, be sanctioned $250.00 in attorney's fees for violating Bankruptcy Rule 9011(a) and Rule 11 of the Federal Rules of Civil Procedure; and

IT IS FURTHER ORDERED that said sum of $250.00 be paid to F.B. Wilkins, Jr.

as reasonable attorney's fees within thirty days from the date of this order.